**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **DANILO DE JESUS VARGAS-MARMOL,**<br><br>Petitioner,<br><br>*v.*<br><br>**J.L. JAMISON**, *in his official capacity as Warden, Federal Detention Center, Philadelphia*, et al.,<br><br>Respondents. | **CIVIL ACTION**<br><br>**NO. 26-7207-KSM** |

**ORDER**

**AND NOW**, this 7th day of October, 2026, upon consideration of Danilo De Jesus Vargas-Marmol's Petition for Writ of Habeas Corpus (Doc. No. 1), the Court finds as follows:

1. Petitioner is a citizen of the Dominican Republic who entered the United States without inspection on or about January 25, 2023. (Doc. No. 1 at 4.) At some time after entering the United States, Petitioner was apprehended and detained by United States Customs and Border Protection. On February 9, 2023, he was served with a Notice to Appear in Immigration Court by the United States Department of Homeland Security ("DHS") (Doc. No. 1-3 at 18), and he was released from custody the same day (Doc. No. 1 at 4). His immigration proceedings remain pending as of the date of this Order.

2. On September 14, 2026, while he was attending a routine check-in with the United States Immigration and Customs Enforcement ("ICE"), ICE agents detained Petitioner pursuant to an arrest warrant issued that day. (*See* Doc. No. 3-3.) At the same time, an ICE

agent with badge number D09037 and title "(A)SDDO"[1] determined that Petitioner would be detained "pending a final administrative determination in [his] case" (Doc. No. 3-1 at 1). (*See also* Doc. No. 1 at 1, Doc. No. 3 at 4; Doc. No. 3-3 at 1.) Following this arrest, ICE agents transported Petitioner to the Federal Detention Center ("FDC") where he remains[2]. (Doc. No. 1 at 2, *see also* Doc. No. 1-3 at 3.) Subsequent to his arrest, Petitioner requested review of ICE's custody determination by an immigration judge, as reflected on his Form I-286. (Doc. No. 3 at 5; Doc. No. 3-1 at 1 ("I **do** request an immigration judge review of this custody determination.") (emphasis in original)). "ICE is in the process of filing the necessary paperwork with the Immigration Court, which will trigger the scheduling of a bond hearing." (Doc. No. 3 at 5.)

3. On September 17, 2026, Petitioner field the instant Petition, in which he argues that habeas relief is warranted because his continued detention is in violation of the Immigration and Nationality Act ("INA"), the due process clause of the Fifth Amendment, and the Administrative Procedure Act ("APA"). (*See generally* Doc. No. 1.) The Government opposes the Petition (Doc. No. 3), arguing that the Court should deny habeas relief because Petitioner is lawfully detained under 8 U.S.C. 1226(a) and he has not exhausted his administrative remedies, his due process claims fail under the *Mathews v. Eldridge* test, and his claims under the APA fail as a matter of law. (*Id.*) Petitioner filed a Reply which argues that the Government has not provided him with "individualized decision-making and meaningful process" as required by 8 U.S.C.§ 1226(a)'s implementing regulations and the Fifth Amendment. (Doc. No. 4 at 2.) And,

---

[1] The Court understands this to stand for "Acting Supervisory Detention and Deportation Officer".

[2] Upon receipt and review of the Petition on September 17, 2026, this Court issued an Order enjoining Respondents from moving Petitioner from the Eastern District of Pennsylvania pending the outcome of this action. (Doc. No. 2.)

as to exhaustion, the Reply argues that "[e]xhaustion does not bar relief when the bond process is not meaningfully available." (*Id.* at 5.)[3]

4. Here, the Court finds that it is undisputed that Petitioner was—and remains currently—detained under Section 236 of the INA, 8 U.S.C. § 1226(a). (*See* Doc. No. 3-1 at 1 (stating Petitioner was being detained "[p]ursuant to the authority contained in Section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations"; Doc. No. 4 at 1–2 (conceding that Section 1226(a) "authorizes detention or release").) Section 1226(a) of the INA permits ICE to, pursuant to a warrant issued by the Attorney General, "arrest[ ] and detain[ ] [an alien] pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). This provision and its implementing regulations also provide a two-step administrative process by which an alien may request review of a custody determination: (1) the detained noncitizen may request a bond redetermination hearing before an immigration judge; and (2) the noncitizen may appeal the immigration judge's bond decision to the Board of Immigration Appeals. *Ubaid v. Jamison*, No. 26cv2681, 2026 WL 1346670, at *3 (E.D. Pa. May 14, 2026) (citing 8 C.F.R. § 236.1(d)).[4]

---

[3] On reply, Petitioner also attempts to repackage his APA claim as a challenge to Respondents' "practices of denying release based on unsupported flight-risk determinations or rapidly transferring detainees to jurisdictions where bond relief is unavailable or meaningfully inaccessible and access to retained counsel is substantially impaired." (Doc. No. 4 at 6.) But Petitioner's original APA claim was cabined only "[t]o the extent Respondents apply § 1225(b)(2)(A) to Petitioner notwithstanding Buele Morocho." (Doc. No. 1 at 10.) As "this Court is not required to consider legal arguments raised for the first time on reply," we do not address this new argument. *Lopez Cruz v. Jamison*, No. 26cv2278, 2026 WL 1257329, at *6 (E.D. Pa. May 7, 2026); *see also Calderon v. Noem*, No. 25cv2136, 2025 WL 3754042, at *4 (W.D. Wash. Dec. 29, 2025) ("It is well-settled that a habeas petitioner cannot amend his petition – much less introduce wholly new claims – in his reply brief.") (cleaned up).

[4] In relevant part, Section 236.1(d)(1), (3) states: "(1) *Application to immigration judge.* After an initial custody determination by the district director, including the setting of a bond, the respondent may, at any time before an order under 8 CFR part 240 becomes final, request amelioration of the conditions under which he or she may be released. . . . (3) ***Appeal to the Board of Immigration Appeals.*** An appeal relating to bond and custody determinations may be filed to the Board of Immigration Appeals . . . ." (emphasis in original).

5. "In general, [a petitioner] must exhaust administrative remedies before proceeding on a habeas petition brought under § 2241." *Ubaid*, 2026 WL 1346670, at *3 (quoting *Pinet v. Holt*, 316 F. App'x 169, 171 (3d Cir. 2009)). "Although there is no statutory exhaustion requirement attached to § 2241, [courts] have consistently applied an exhaustion requirement to claims brought under § 2241." *Callwood v. Enos*, 230 F.3d 627, 634 (3d Cir. 2000). The exhaustion doctrine is justified by three policy concerns: (1) "deference to Congress' decision, embodied in statute, that an independent administrative tribunal, and not the courts, should serve as the initial forum for dispute resolution"; (2) "respect for administrative autonomy by forbidding unnecessary judicial interruption of the administrative process"; and (3) "foster[ing] judicial economy both by permitting the administrative tribunal to vindicate a complaining party's rights in the course of its proceedings, thereby obviating judicial intervention, and by encouraging the tribunal to make findings of fact on which courts can later rely in their decisionmaking." *Republic Indus., Inc. v. Cent. Pa. Teamsters Pension Fund*, 693 F.2d 290, 293 (3d Cir. 1982).

6. There are limited exceptions to exhaustion. "Exhaustion is not required if administrative remedies would be futile, if the actions of the agency clearly and unambiguously violate statutory or constitutional rights, or if the administrative procedure is clearly shown to be inadequate to prevent irreparable injury." *Lyons v. U.S. Marshals*, 840 F.2d 202, 205 (3d Cir. 1988). The Third Circuit Court of Appeals has "ruled that these exceptions apply only in extraordinary circumstances." *Republic Indus., Inc.*, 693 F.2d at 294 (cleaned up).

7. Here, Petitioner has not exhausted his administrative remedies prior to filing this habeas petition and the Court does not find his claims meet any of the exceptions through which exhaustion would be excused. Notably, Petitioner does not argue that such an administrative

remedy would be futile, as he concedes that he "requested Immigration Judge review on the day of his detention" and such a hearing—at which he will be able to put on evidence regarding his risk of flight and danger to the community—has not yet occurred. (Doc. No. 4 at 5); *see also Piatukho v. J.L. Jamison, et al.*, No. 26cv6413, 2026 WL 2719267, at *4 (E.D. Pa. Sept. 15, 2026) (determining that exhaustion was not futile after Petitioner filed his habeas petition two days after DHS's initial custody determination) (citing *Ubaid*, 2026 WL 1346670, at *9 ("Speculation that a claim is merely unlikely to prevail in the administrative process based on statistical trends does not make raising that claim futile."))). Instead, he argues that exhaustion should be excused because (1) Respondents "have not provided the individualized process required by the regulations and due process" and (2) the bond process is not meaningfully available because he is currently detained at FDC. (Doc. No. 4 at 2.) We disagree.

8. As to the first argument, Petitioner's wholesale failure to grapple with the Notice of Custody Determination supplied by the Government dooms his request to excuse exhaustion. (*See* Doc. No. 3-1.) While Petitioner claims there must be a sufficiently individualized process prior to detention, he points to no section of either Section 1226(a) or its implementing regulations that require more than what the Government did here.[5] (*See* Doc. No. 4.) He does not dispute that the Government arrested him pursuant to an administrative warrant, and that an ICE official—in his or her discretion—determined that Petitioner would be detained without

[5] Petitioner's core support for his argument is this Court's prior opinions in *Gramajo De Leon v. Jamison*, No. 25cv7199, 2025 WL 3724604 (E.D. Pa. Dec. 23, 2025) and *Hussain v. O'Neill*, No. 26cv35, 2026 WL 66891 (E.D. Pa. Jan. 8, 2026). But those opinions are factually inapposite. There, the Government purported to *mandatorily* detain two noncitizens under Section 1225(b)(2)(A), meaning those noncitizens would not have any opportunity to challenge their detention during their removal proceedings. Here, the Government has exercised its discretion under Section 1226(a) to detain Petitioner, and Petitioner will receive a bond hearing during which he can challenge that initial custody determination. As such, Petitioner is receiving the statutory and constitutional process he is due. *See Demore v. Kim*, 538 U.S. 510, 531 (2003) ("Detention during removal proceedings is a constitutionally permissible part of that process").

bond. (*See generally* Doc. Nos. 3, 4.) And even though he has spent the last three years out of custody on his own recognizance, Section 1226(a)'s implementing regulations expressly authorize immigration officials to, as they did here, revoke a prior release and return a noncitizen to custody. *See* 8 C.F.R. § 236.1(c)(9). So, based upon the evidence before the Court, it is not at all clear that ICE failed to follow either Section 1226(a) or its implementing regulations when arresting and detaining Petitioner. *Cf. Lyons*, 840 F.2d at 205 (allowing exhaustion to be excused when agency "clearly and unambiguously violate[s] statutory or constitutional rights").[6]

9. As to the second argument, that a bond hearing is not presently available to Petitioner, while it has some intuitive appeal, it also fails upon scrutiny. Over the last year, the FDC has served as a preliminary holding center for civil immigration detention, and the Government concedes that bond hearings may not take place there. (*See* Doc. No. 3 at 4 & n.1.) But the only reason Petitioner is still at FDC is due to this Court's no-transfer order, which was issued as a result of the Petition being filed. (*See* Doc. No. 2; Doc. No. 3 at 4 n.1.) Accordingly, we find that the only thing keeping Petitioner from the administrative process is this instant action. Thus, it is not a reason to waive exhaustion.

[6] Further, to the extent Petitioner claims his due process rights have been violated and thus exhaustion should be excused (*see* Doc. No. 1 at 9; Doc. No. 4 at 2–4), this argument similarly fails when applied to the particular facts of this action. *First*, there is minimal evidence that Petitioner's substantive due process rights have been violated, as it is clear from the record that Petitioner was detained pursuant to the Government's statutory authority after the issuance of an arrest warrant and that the Government will provide him with a bond hearing. (*See* Doc. No. 3 at 4 & n.1.) *Second*, as to procedural due process, under the three-factor balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), there are competing considerations, which make it far from clear or unambiguous that there has been a constitutional violation here. *See Lyons*, 840 F.2d at 205. Such determinations are better left for an administrative tribunal to consider prior to any action from this Court. Especially as requiring exhaustion is "particularly important in the resolution of cases involving constitutional issues," as here. *Republic Indus., Inc.*, 693 F.2d at 293 ("If the administrative tribunal decides a case on nonconstitutional grounds, the court may find it unnecessary to proceed with constitutional adjudication. In this way, exhaustion furthers the concept of judicial restraint.").

For these reasons, we find that Petitioner has failed to exhaust his available administrative remedies, and therefore, the Petition (Doc. No. 1) is **DENIED**. This Court's no-transfer order (Doc. No. 2) is **VACATED** so that Mr. Vargas-Marmol may proceed with the available administrative process. The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

/s/*Karen Spencer Marston*

KAREN SPENCER MARSTON, J.